# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 3175 | DATE | JUN 30 2008 |
| CASE TITLE | Randall Re (#14617-424) v. Rosemarie Re, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The Court orders the trust fund officer to deduct $29.60 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Milan-FCI. Plaintiff is given 30 days from the date of this order either to explain why there is diversity jurisdiction as the complaint now stands or to submit an amended complaint. If Plaintiff does not timely comply with this order, this case shall be dismissed. However, Plaintiff will still be responsible for paying the filing fee. The Clerk shall send Plaintiff one copy of the amended civil rights complaint form, instructions for filing, and a copy of this order.

■ [For further details see text below.]                                                        Docketing to mail notices.

## STATEMENT

Plaintiff Randall Re is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $ 29.60. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

FILED 2008 JUN 31 AM 7:47 CLERK U.S. DISTRICT COURT

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

Plaintiff brings this *pro se* diversity action pursuant to 28 U.S.C. §1332. He alleges that in 1994, three trusts were established in Illinois for his children for the sole purpose of their college education. In 2004, an Illinois State 503(g) trust was set up for his children's support, medical expense, and life insurance on Plaintiff. Plaintiff claims that because of the Defendants' gross negligence, lack of fiduciary commitment, reckless disregard, and wilful default, the trusts for his children have dwindled away to the point that they are now empty.

District courts have original jurisdiction of civil actions in which the matter in controversy exceeds $75,000 and the controversy is between citizens of different states. 28 U.S.C. §1332(a)(1). Plaintiff seeks compensatory damages in the amount of $175,000 to $200,000 and punitive damages of $25,000 from each defendant. He therefore appears to meet the first requirement for diversity jurisdiction. However, he does not appear to meet the second requirement. An inmate's domicile before he is imprisoned is presumed to remain his domicile while he is in prison. *See Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002); *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991). Although Plaintiff is currently incarcerated at the Milan - FCI in Michigan, he appears to have been domiciled in Illinois before his federal incarceration as evidenced by his conviction in the Northern District of Illinois in *United States v. Re*, No. 02-CR-448-2. According to the complaint, it appears that two of the defendants, Rosemarie Re and Donna Roberts, are citizens of Florida; however, three of the defendants, Patricia deRosset, George J. Vosicky, and Connie Gessner, appear to be citizens of Illinois. It does not appear that there is complete diversity of citizenship, thus divesting this Court of jurisdiction to hear this action. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Northern Trust Co. v. Bunge Corp.*, 899 F.2d 591, 593-94 (7th Cir. 1990).

Before dismissing this action for lack of jurisdiction, this Court will give Plaintiff an opportunity either to explain why there is diversity jurisdiction as the complaint now stands or to submit an amended complaint that creates diversity jurisdiction.

Plaintiff is given 30 days from the date of this order either to explain why there is diversity jurisdiction as the complaint now stands or to submit an amended complaint that creates diversity jurisdiction on the forms required by Local Rule 81.1 of this Court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent. If Plaintiff does not timely comply with this order, this case shall be dismissed. However, Plaintiff will still be responsible for paying the filing fee.